**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CARTIS ENGLAND,

                    Petitioner,                    Case Number: 2:16-cv-10927
                                                    HONORABLE SEAN F. COX
v.

J.A. TERRIS,

                    Respondent.
_____/

**OPINION AND ORDER**
**DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Cartis England is a federal inmate incarcerated at the Federal

Correctional Institution in Milan, Michigan.  He has filed a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is incarcerated in violation

of his constitutional rights.  For the reasons which follow, the petition will be dismissed.

**I.**

England was convicted in the United States District Court for the Western District

of Michigan of possession of images of a minor engaging in sexually explicit conduct in

violation of 18 U.S.C. § 2252(a)(4)(B).  On July 28, 2009, he was sentenced to 36

months in prison, to be followed by five years supervised release.  England was

discharged to his term of supervised release on November 27, 2012.  England was

subsequently charged with and found guilty of violating the terms of his supervised

relief.  *See* 6/23/15 Judgment, *United States v. England*, No. 1:08-cr-00215 (W.D.

Mich.) (ECF No. 98).  He was sentenced to a term of five years imprisonment and

lifetime supervised release.  *Id.*

England has now filed the pending § 2241 petition, arguing that his conviction and sentence are unconstitutional because the Comprehensive Crime Control Act of 1984 was not properly enacted.

## II.

### A.

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the Court concludes that the claims asserted by England in his petition are not properly filed under § 2241.

### B.

The proper avenue for relief on a federal prisoner's claim that his conviction and sentence were imposed in violation of the federal constitution or federal law is a motion to vacate or correct sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that

2

the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). Habeas corpus is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. England challenges the imposition of his conviction and sentence, and therefore his claims are properly filed pursuant to 28 U.S.C. § 2255, unless he can show that a motion under § 2255 is inadequate or ineffective.

Section 2255's "savings clause" permits a petitioner to file a habeas corpus petition challenging his conviction pursuant to § 2241 rather than § 2255 in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis supplied).

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "A remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756. The petitioner bears the

3

burden of showing that a § 2255 remedy is inadequate.  *In re Gregory*, 181 F.3d 713,

714 (6th Cir. 1999).  England has failed to allege or show that the remedy under § 2255

is inadequate or ineffective, therefore he may not obtain habeas relief under § 2241.

It does not appear that England has previously filed a motion under § 2255, but

the Court will not construe the petition as having been filed under § 2255.  The Sixth

Circuit has held that a district court should not *sua sponte* construe a § 2241 petition as

a § 2255 motion to vacate sentence because doing so could prejudice the petitioner's

filing of a future § 2255 motion due to restrictions on second or successive filings.  *In re*

*Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).  Moreover, such a motion must be filed in

the sentencing court.  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  The

Court, therefore, will dismiss the petition.

### III.

The Court concludes that it plainly appears from the face of the petition that

Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241, because

the petition is not properly filed under § 2241.  Accordingly, the Court **DISMISSES** the

petition for a writ of habeas corpus.


Dated:  April 1, 2016                          S/ Sean F. Cox                          
                                               Sean F. Cox
                                               U. S. District Judge


I hereby certify that on April 1, 2016, the foregoing document was served on counsel of
record via electronic means and upon Cartis England via First Class mail at the address

below:
Cartis England 13874040
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

S/ J. McCoy_____
Case Manager